Michael P. West, SBN: 172478
Andrew R. Chivinski, SBN 236861
**MORRIS POLICH & PURDY LLP**
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone:   (213) 891-9100
Facsimile:    (213) 488-1178

Attorneys for Defendant,
SUNRISE SENIOR LIVING, INC. n/k/a
SUNRISE SENIOR LIVING, LLC and
SUNRISE SENIOR LIVING MANAGEMENT, INC.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO

| | |
|---|---|
| PATSY RODGERS, individually and as JOHN RODGERS' successor in interest; NANCY ADAMS; MARY LANGDON; and STEVE RODGERS<br><br>Plaintiffs,<br><br>vs.<br><br>SUNRISE SENIOR LIVING, INC., and DOES 1 – 80, inclusive,<br><br>Defendants. | Case No. 2:12-CV-00415-MCE-DAD<br><br>Assigned to the Honorable Morrison C. England<br><br>**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER NO. 2; AGREEMENT CONCERNING INFORMATION COVERED BY CONFIDENTIALITY STIPULATION**<br><br>**[RE:SUNRISE UNIVERSITY, SELLING SKILLS/SELLING SKILLS ADVANCED AND POLICY & PROCEDURE RE: CARE ASSESMENT]** |

The discovery sought by the parties in the above-styled case is likely to involve production of documents and things containing confidential information and witness testimony regarding confidential information. Accordingly, the parties hereby agree to enter into this Confidentiality Stipulation and Protective Order No. 2 ("Confidentiality Stipulation No. 2") to govern the production of documents that

contain and testimony regarding confidential information and agree to be mutually bound by its terms. The parties agreed that this Confidentiality Stipulation No.2 shall cover, and will be limited to the documents produced by SUNRISE SENIOR LIVING MANAGEMENT, INC., supplemental and pursuant to Court-Order, in response to plaintiffs' second set of document requests and will not apply to the production of any other documents. The documents covered by this agreement are more fully described as follows: 1) Sunrise University Materials provided to Joyce Perkins during her 5 day training at Sunrise of Rocklin and referenced in her deposition in this matter; 2) Materials from the "Selling Skills" and "Selling Skills Advanced" course taken by Joyce Perkins and referenced in her deposition in this matter; and 3) Policy # P_RCS_0005_AL_SRZ re: Evaluating & Assessing Residents in Automated Care System. The parties agree that any other documents to be produced in this litigation which the parties believe to be subject to a Confidentiality Stipulation shall be addressed on a case by case basis and in a separate stipulation.

### A.   *Definitions*

1. All words or phrases have their ordinary dictionary definition unless defined below.

2. "Party" or "Parties" means any parent, subsidiary, or affiliate corporation of the named parties, their successors-in-interest and predecessors-in-interest, and their employees, agents, and representatives.

3. "Person" includes but is not limited to any legal or natural person directed to produce documents or information in this litigation.

4. "Outside Counsel" means a firm of attorneys with clients other than a party hereto, none of whose members or associates are employees, officers, directors, or owners in any capacity of a party hereto and whose offices are not located on the premises of a party hereto.

5. "Independent Expert" and "Independent Consultant" mean a person

who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's outside counsel for the purpose of assisting in this litigation.

6. "Confidential Information" means information in written, oral, electronic or other form, whether it be a document, information contained in or derived from a document, information revealed during a deposition, or information revealed in responding to a discovery request, that:

(a) a party or person believes, in good faith, reveals business, competitive, proprietary, trade secret or other information of a sensitive nature about the party (or of another person which information the party is under a duty to maintain in confidence); and

(b) a party or person designates as "Confidential" in accordance with this Confidentiality Stipulation.

7. "Litigation" means the above-captioned action, Case No.: 2:12-CV-00415-MCE-DAD.

### B.   *Designation of Confidential Information*

8. *Designation of Tangible Material.* Documents and other tangible material claimed to be or to contain Confidential Information shall, prior to production, be marked by the producing party as "Confidential." Placement of the "Confidential" designation on each protected page or on the initial page of a protected document when it is produced shall constitute notice and shall designate the document as Confidential material. Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Confidentiality Stipulation.

9. *Designation of Intangible Material.* Intangible material claimed to be or contain Confidential Information shall be designated by the producing party as

"Confidential" in a writing provided to the receiving party at the time of production.

10. *Subsequent Designation.* This Confidentiality Stipulation shall not apply to documents which have already been produced by the parties in this litigation, and is limited to the Management Agreement for Sunrise of Huntington Beach and Wellness Manual Table of Contents only.

11. *Designation of Interrogatory Responses.* If an answer to an interrogatory is to contain Confidential Information, such Confidential Information shall be stated on a separate page to be incorporated by reference in the body of the interrogatory response. Only the separate page containing the Confidential Information shall be designated as "Confidential" as provided in this Confidentiality Stipulation.

12. *Designation of Depositions.* Documents or other tangible material claimed to be or to contain Confidential Information shall, prior to being attached as an exhibit to a deposition, be marked as "Confidential" by the party making a claim of confidentiality. Any document or tangible material claimed to be or to contain Confidential Information shall be bound separately from a complete version of the deposition and shall be labeled "Confidential" and treated as such pursuant to this Confidentiality Stipulation.

13. *Modification of Designation.* The designation of Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below, provided that the parties or persons must negotiate in good faith regarding any disputes over designation of Confidential Information before presenting the dispute to the Court.

    (a) The producing party or person may agree in writing to downgrade or eliminate the Confidential designation on any information or material it produced.

(b) If the parties or persons cannot agree as to the designation of any particular information or material, the receiving party or person may move the Court to downgrade or eliminate the Confidential designation.  The burden of proving that the information has been properly designated as protected shall be on the party or person who made the original designation.

**C.    *Access to Confidential Information***

14.   *General Access.*   Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

(a) To the Court and Court staff.

(b) To mediator(s), arbitrator(s), or special master(s) attempting to assist in resolving or adjudicating all or any portion of this matter, provided that the mediator(s), arbitrator(s), or special master(s) are appointed by the Court or all parties agree in writing that the mediator(s), arbitrator(s), or special master(s) may serve in that capacity.  Before any party may disclose Confidential Information to any mediator(s), arbitrator(s), or special master(s) who were not appointed by order of the Court, such mediator(s), arbitrator(s), or special master(s) must have signed and delivered to counsel of record for each party a letter in the form of Exhibit "A" hereto.

(c) To outside counsel for a party hereto, provided that outside counsel who are not of record first must sign and deliver to counsel of record for each other party or parties a letter in the form of Exhibit "A" hereto before being permitted access to Confidential Information.

(d) To secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation.

5

    (e)    To court reporters transcribing a deposition, hearing, or other proceeding in this matter as provided in paragraph 17 below.

    (f)    To witnesses who, at the time they testify or are deposed, are employed by or retained by the party that produced the Confidential Information or designated the information as protected.

    (g)    To independent experts and independent consultants retained by counsel in good faith to assist in the preparation, settlement, or trial of this litigation, but only if the party who proposes to reveal Confidential Information to an independent expert or independent consultant informs such person of the terms of this Confidentiality Stipulation and makes a good faith effort to obtain an agreement in the form of Exhibit "A hereto signed by such person. The failure of any party to obtain a signed agreement in the form of Exhibit "A" shall not affect the confidentiality of any documents or information designated as such under this Confidentiality Stipulation.

    (h)    To such other persons as the parties may agree in writing and who sign Exhibit "A" attached hereto.

15. *No Copies/Notes.* Except for internal use by outside counsel for the parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

16. *Agreements to Provide Access.* The parties may agree in writing to permit access to Confidential Information to persons not otherwise granted access by the terms of this Confidentiality Stipulation. The writing must identify the

particular person to whom the Confidential Information will be disclosed and specify the Confidential Information to be disclosed.  Prior to such disclosure, outside counsel of record for all parties in the action must have received an agreement in the form of Exhibit "A" hereto signed by the particular person.

17. *Access by Court Reporters.*  Excluding court proceedings or court-appointed court-reporters or transcribers, any court reporter or transcriber who reports or transcribes testimony in this litigation shall agree by a statement on the record, before recording or transcribing any such testimony, that all testimony and information revealed at the deposition is and shall remain confidential.  The reporter or transcriber shall further affirm that such information will not be disclosed by such reporter or transcriber except to the attorneys for each party, and copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality by such reporter or transcriber or shall be delivered to the undersigned attorneys.

18. *Disputes over Access.*  If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.  The party seeking to disclose Confidential Information to a particular person shall have the burden of persuasion, although the designating party shall always have the burden of persuasion as to the propriety of the designation.

### D. Use of Confidential Information

19. *Use in this Litigation Only.*  Confidential Information may be used only for purposes of this litigation.  Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

20. *Use at Depositions.* If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Confidentiality Stipulation to receive the Confidential Information.

21. *Use at Court Hearings and Trial.* Subject to the California Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to counsel for the producing or designating party in order to permit the producing or designating party the opportunity to move the Court for an order sealing such Confidential Information or an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure, including, but not limited to, removal from the courtroom of persons not authorized by this Confidentiality Stipulation to receive Confidential Information. If presented at trial, the status of evidence as Confidential Information shall not be disclosed to the finder of fact.

### D. Other Provisions

22. *Filing Under Seal.* Once a Protective Order has been entered by the Court providing for the filing of Confidential Information under seal, each document thereafter filed with the Court that contains any Confidential Information shall be filed in a sealed envelope or other appropriate sealed container on which shall be set forth the title and number of this action, a general description or title of the contents of the envelope, and a statement that the contents are Confidential and subject to a Protective Order and that the envelope is not to be opened nor the contents thereof revealed except to counsel of record in the litigation or court personnel, or pursuant to order of the Court. Copies of such documents served on counsel for other parties shall be marked as Confidential.

23. *Maintaining Sealed Documents.* The clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony designated as Confidential Information that are filed in this litigation.

24. *Reasonable Precautions.* Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

25. *Storage.* Confidential Information subject to the terms of this Confidentiality Stipulation shall, when not in use, be stored in such a manner as to protect against disclosure to persons who do not have a need in this litigation to see the Confidential Information and who are not in the employment of those possessing Confidential Information.

26. *Return/Destruction After Litigation.* Within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each party shall return to counsel for the party who furnished the same all items constituting, containing, or reflecting the other party's Confidential Information. Alternatively, and as to work product that reflects or refers to Confidential Information, if outside counsel desires to destroy the other party's Confidential Information in lieu of returning it, outside counsel shall supervise and certify in writing to the party who furnished the Confidential Information the destruction within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court. As to independent experts and consultants retained by counsel to assist in the preparation, settlement, or trial of this litigation, any items constituting, containing, or reflecting the other party's Confidential Information shall be destroyed by said experts and consultants, and outside counsel shall certify in writing to the party who furnished the Confidential Information the destruction within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court.

27. *Continuing Obligation.* Neither the termination of this action nor the termination of the employment, engagement, or agency of any person who had access to any Confidential Information shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of any Confidential Information disclosed pursuant to this Confidentiality Stipulation. The Court shall retain jurisdiction to enforce the terms of this Confidentiality Stipulation. Every person who receives confidential information submits himself or herself to the personal jurisdiction of this Court for the enforcement of the Confidentiality Stipulation.

28. *Not an Admission.* Nothing in this Confidentiality Stipulation or done by the parties pursuant to this Confidentiality Stipulation shall constitute an admission by the party, or shall be used as evidence, that information designated as Confidential is actually Confidential Information. Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials, and privilege.

29. *Miscellaneous.* This Confidentiality Stipulation shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation.

30. *Effective Date.* This Confidentiality Stipulation shall serve as a stipulation and agreement between the parties and shall be effective immediately upon signature by counsel for all parties.

**IT IS SO STIPULATED.**

Dated: January ____, 2014           KERSHAW, CUTTER AND RATINOFF, L.L.P.

|   |   |
|---|---|
|   | By: |
|   | _____ |
|   | Marla C. Strain |
|   | PATSY RODGERS, individually and as JOHN RODGERS' successor in interest; NANCY ADAMS; MARY LANGDON; and STEVE RODGERS; |
| Dated: January ____, 2014 | **MORRIS POLICH & PURDY LLP** |
|   | By: |
|   | _____ |
|   | Michael P. West |
|   | Andrew R. Chivinski |
|   | Attorneys for Defendants, SUNRISE SENIOR LIVING, INC. n/k/a SUNRISE SENIOR LIVING, LLC and SUNRISE SENIOR LIVING MANAGEMENT, INC.. |

**ORDER**

IT IS SO ORDERED.

Dated: February 4, 2014

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

11

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO

| | |
|---|---|
| PATSY RODGERS, individually and as JOHN RODGERS' successor in interest; NANCY ADAMS; MARY LANGDON; and STEVE RODGERS<br><br>Plaintiffs,<br><br>vs.<br><br>SUNRISE SENIOR LIVING, INC., and DOES 1 – 80, inclusive,<br><br>Defendants. | Case No.: 2:12-CV-00415-MCE-DAD<br><br>EXHIBIT "A" TO CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER NO. 2<br><br>AGREEMENT CONCERNING INFORMATION COVERED BY CONFIDENTIALITY STIPULATION NO.2 |

## EXHIBIT A

## AGREEMENT CONCERNING INFORMATION COVERED BY CONFIDENTIALITY STIPULATION NO. 2

I have been designated by _____[PARTY NAME]_____ as a person who may have access to Confidential Information as that term is defined in the Confidentiality Stipulation entered in the above-entitled case.

Having read the Confidentiality Stipulation, I agree to comply fully with it and to be bound by its terms with respect to all Confidential Information as defined therein. I agree not to copy or disclose to any nonqualified person or entity any Confidential Information that has been disclosed to me.

If I violate any terms of that Confidentiality Stipulation No. 1 with respect to the treatment of Confidential Information, I agree to submit myself to the jurisdiction of the Orange County Superior Court for the purpose of enforcement of the terms of the Confidentiality Stipulation No. 1.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed this _____ day of _____, 2014.

_____
Please Print Full Name

_____
Signature

_____
Address

_____
Employer

_____
Job Title

**EXHIBIT "A" TO CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER NO. 1**