UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATSY RODGERS, ET AL., | No. 2:12-cv-0415 MCE AC |
| Plaintiffs, | |
| v. | ORDER |
| SUNRISE SENIOR LIVING MANAGEMENT, INC., | |
| Defendant. | |

On March 5, 2014, the court held a hearing on plaintiff's December 23, 2013 motion for protective order. Allison Pease appeared for plaintiffs. Andrew Chivinski appeared for defendant. On review of the parties' Joint Statement re Discovery, the documents filed in support and opposition, and upon hearing the arguments of counsel, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court incorporates by reference the factual and procedural background set forth in its January 16, 2014 order granting in part plaintiffs' motion to compel. ECF No. 30.

DISCOVERY DISPUTE

On January 31, 2014, plaintiffs served on defendant an Amended Notice of Videotaped Depositions of Persons Most Knowledge ("PMK") pursuant to Federal Rule of Civil Procedure 30(b)(6). The deposition is scheduled for March 7, 2014. Per the Amended Notice, the matters

1

on which the PMK could be expected to be testify include:

> Topic No. 1: All audits, studies, reports preformed [sic] by or undertaken on behalf of Sunrise of Rocklin concerning, referring or relating to the quantitative or qualitative adequacy of the staff at Sunrise of Rocklin during 2011.
>
> Topic No. 2 [and No. 3]: The staffing levels in the Reminiscence Neighborhood of Sunrise of Rocklin during June 2011 [and during the 2011 calendar year].
>
> Topic No. 4 [and No. 8]: The balance sheets for Sunrise of Rocklin [and Sunrise Senior Living Management, Inc.] for the past five fiscal years, including the most recently completed fiscal quarter.
>
> Topic No. 5 [and No. 7]: The profit and loss (income) statements for Sunrise of Rocklin [and Sunrise Senior Living Management, Inc.] for the past five fiscal years, including the most recently completed fiscal quarter.
>
> Topic No. 6 [and No. 9]: The financial statements of Sunrise of Rocklin [and Sunrise Senior Living Management, Inc.] for the past five fiscal years, including the most recently completed fiscal quarter.

The 30(b)(6) Amended Notice also includes a request for production of documents:

> Req. No. 1: Please produce any and all audits, studies, or reports preformed [sic] by or undertaken on behalf of Sunrise of Rocklin concerning, referring or relating to the quantitative or qualitative adequacy of the staff at Sunrise of Rocklin during 2011.
>
> Req. No. 2 [and No. 3]: Please produce any and all documents regarding the staffing levels in the Reminiscence Neighborhood of Sunrise of Rocklin during the period of John Rodger's residency [and during 2011].
>
> Req. No. 4 [and No. 7]: Please produce any and all balance sheets for Sunrise of Rocklin [and Sunrise Senior Living Management, Inc.] for the past five fiscal years, including the most recently completed fiscal quarter.
>
> Req. No. 5 [and No. 8]: Please produce any and all profit and loss (income) statements for Sunrise of Rocklin [and Sunrise Senior Living Management, Inc.] for the past five fiscal years, including the most recently completed fiscal quarter.
>
> Req. No. 6 [and No. 9]: Please produce any and all financial statements of Sunrise of Rocklin [and Sunrise Senior Living Management, Inc.] for the past five fiscal years, including the mostly recently completed fiscal quarter.

Defendant's position is as follows: (1) plaintiffs are barred from conducting discovery into defendant's internal, quality assurance / peer-review materials as they are protected from disclosure under California law; and (2) plaintiffs are limited to discovery regarding the eight days that John Rodgers stayed at Sunrise of Rocklin, not matters related to the entire 2011 year. The parties have adequately met and conferred on these issues.

## LEGAL STANDARDS

"Though a federal court in a diversity action is to apply the substantive law of the forum in which it sits, discovery, as a procedural matter, is governed in a federal court only by the Federal Rules of Civil Procedure and state discovery practices are irrelevant." American Ben. Life Ins. Co. v. Ille, 87 F.R.D. 540, 542 (D.C. Okl. 1978) (citing 8 Wright & Miller, Federal Practice and Procedure: Civil § 2005 (1970)).  See also Eureka Financial Corp v. Hartford Acc. & Indem. Co., 136 F.R.D. 179, 182 (E.D. Cal. 1991); see Fed. R. Civ. P. 26(b)(5).

Under Federal Rule of Civil Procedure 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.[1]  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

On the other hand, the court may, upon a showing of good cause, issue a protective order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1).  Furthermore, because this case was brought in federal court pursuant to diversity jurisdiction, California state law governs substantive privileges during discovery.  Fed. R. Evid. 501; In re Cal. Pub. Utils. Comm'n, 892 F.2d 778, 781 (9th Cir. 1989) ("In diversity actions, questions of privilege are controlled by state law.").

---

[1] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action." Fed. R. Evid. 401.

3

DISCUSSION

A.      Quality Assurance / Peer-Review Materials

Defendant moves for a protective order pursuant to California Evidence Code § 1157 as to those requests that seek audits, studies or reports concerning the staffing levels at Sunrise of Rocklin.  Section 1157 protects from discovery the records and proceedings of certain committees within health care facilities or societies that are responsible for evaluating and improving the quality of medical care.  The general purpose of this section privileging medical peer review records is to improve the quality of medical care in the hospitals by the use of peer review committees.  Leon v. County of San Diego, 202 F.R.D. 631 (S.D. Cal. 2001) (citing West Covina Hospital v. Superior Court, 41 Cal. 3d 846, 851 (1986)).

California Evidence Code § 1157(a)

> Neither the proceedings nor the records of organized committees of medical, medical-dental, podiatric, registered dietitian, psychological, marriage and family therapist, licensed clinical social worker, or veterinary staffs in hospitals, or of a peer review body, as defined in Section 805 of the Business and Professions Code, having the responsibility of evaluation and improvement of the quality of care rendered in the hospital, or for that peer review body, or medical or dental review or dental hygienist review or chiropractic review or podiatric review or registered dietitian review or veterinary review or acupuncturist review committees of local medical, dental, dental hygienist, podiatric, dietetic, veterinary, acupuncture, or chiropractic societies, marriage and family therapist, licensed clinical social worker, or psychological review committees of state or local marriage and family therapist, state or local licensed clinical social worker, or state or local psychological associations or societies having the responsibility of evaluation and improvement of the quality of care, shall be subject to discovery.

Plaintiffs argue that Section 1157 on its face does not apply to a residential care facility and that, in any event, it does not apply to reports or analysis made in the ordinary course of business and outside of organized committees.

Defendant concedes that Section 1157 does not apply to facilities such as it, but argues that the scope of this section is very expansive, extending to various care-related professions, and that there is a strong public policy protecting the confidentiality of remedial behaviors. Defendant therefore asks the court to expand the scope of this California privilege by applying the

4

"spirit" of it, but defendant fails to present any argument analogizing residential care facilities to those types of facilities that are in fact covered by Section 1157.

Moreover, defendant fails to show that any audits, studies or reports responsive to plaintiffs' requests were in fact prepared by an organized committee or peer review body. "In passing upon the claim of immunity, a court must have before it facts which allow it to match the staff committee's mission and function against the specifications of the statute." Matchett v. Superior Court, 40 Cal. App. 3d 623, 626 (1974). Other than arguing that the court should apply the spirit of Section 1157 to any potentially responsive documents, defendant has provided the court with no facts from which the court can determine if any organized committee or peer review body existed in the first place. "The burden of establishing entitlement to nondisclosure rested with the party resisting discovery, not the party seeking it." Id. The court finds that defendant has not met its burden.

Accordingly, defendant's motion for a protective order will be denied as to Deposition Topic No. 1 and Request for Production of Documents No. 1.

B.     Staffing Levels

Regarding those requests concerning staffing levels, defendant has offered to produce a witness and documents regarding the month of June 2011, the same month that John Rodgers resided at Sunrise of Rocklin. To the extent that plaintiffs seek documents for the entire 2011 year, defendant argues both overbreadth and relevance.

Plaintiffs counter that staffing is in fact central to this case and that it has already offered to limit the requests seeking staffing information to a six-month period. Plaintiffs assert that this information is particularly relevant because they claim that defendant destroyed staffing records even when they knew this litigation was reasonably foreseeable.[2] As there are no documents to produce, plaintiffs argue that it is not burdensome for a witness to testify regarding staff levels for a six-month period in 2011. In light of plaintiffs offer to limit the request to a six month period preceding John Rodgers's accident and because the documents are clearly relevant, the court

---

[2] On February 26, 2014, plaintiffs filed a motion for sanctions for spoliation of material evidence, set to be heard by Judge England on April 17, 2014. ECF No. 40.

overrules defendant's objections.  Therefore, defendant's motion for a protective order will be denied as to Deposition Topic No. 3.

Accordingly, IT IS HEREBY ORDERED that defendant's motion for protective order (ECF Nos. 34, 36) is denied.

DATED: March 11, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE